UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>        Plaintiff,<br><br>   vs.<br><br>CCI TEHACHAPI, et al.,<br><br>        Defendants. | 1:10-cv-02160-LJO-GSA-PC<br><br>ORDER FOR DEFENDANT MCBRIDE TO RESPOND TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHIN TWENTY (20) DAYS<br>(Doc. 28.) |

     Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on the First Amended Complaint filed on May 9, 2013, against defendants T. Eilers, J. F. Munoz, and Gene Dozer for use of excessive force, against defendants R. Williams, H. Carmona, J. F. Munoz, and M. Webster for failure to protect Plaintiff, against defendant T. Eilers for subjecting Plaintiff to adverse conditions of confinement, and against defendants M. Webster, T. Eilers, Gene Doser, H. Carmona, and Erin K. McBride for retaliation.  (Doc. 9.)

     On January 26, 2015, Plaintiff filed a notice of voluntary dismissal of defendant McBride from this action, with prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.  (Doc. 28.)

In <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997), the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u> The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. <u>Id.</u>

In this case, defendant McBride filed and served an Answer to the complaint on August 4, 2014. (Doc. 21.) Therefore, before Plaintiff can dismiss the case against defendant McBride under Rule 41(a), defendant McBride must consent in writing to the dismissal. Therefore, defendant McBride shall be required to respond in writing to Plaintiff's notice.

Accordingly, **IT IS HEREBY ORDERED** that within twenty (20) days of the date of service of this order, defendant McBride shall respond in writing to Plaintiff's notice of voluntary dismissal filed on January 26, 2015, indicating whether she consents to the dismissal of the claims against her in this action, with prejudice, or whether she has any reason to oppose the dismissal.

IT IS SO ORDERED.

Dated:   **January 28, 2015**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE